JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Ian Page, was originally indicted in the uyahoga County Court of Common Pleas, Criminal Division, alleging the crime of receiving stolen property (motor vehicle), in violation of R.C.2913.51. After failing to appear before the Court, and a capias having been issued on three separate occasions, the appellant pled guilty to attempted receiving stolen property (motor vehicle) and was sentenced to six months at the Lorain County Correctional Institute. It is from this sentence that the appellant now appeals. For the following reasons, the appeal is not well taken.
{¶ 2} The appellant's sole assignment of error states:
 {¶ 3} THE TRIAL COURT ERRED IN IMPOSING A TERM OF IMPRISONMENT FOR THE OFFENSE CHARGED.[1]
{¶ 4} First, it should be noted that counsel for the appellant failed to enter any objection to the imposition of sentence. As such, in the absence of objection, any error is deemed to have been waived unless it constitutes plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental so that it should have been apparent to the trial court without objection. See State v. Tichon, (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips,74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643.
{¶ 5} In the case at hand, the appellant contends that the lower court failed to find any of the factors listed in R.C. 2929.13(B)(1) and, as such, the lower court erred in sentencing him to six months incarceration.
{¶ 6} R.C. 2929.13(B) provides the basic standards for sentencing fourth and fifth degree felony offenders. It states:
 {¶ 7} (1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 8} (a) In committing the offense, the offender caused physical harm to a person.
 {¶ 9} (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 10} (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 11} (d) The offender held a public office or position of trust and the offense related to that office or position; * * *
 {¶ 12} (e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 13} (f) The offense is a sex offense that is a fourth or fifth degree felony * * *
 {¶ 14} (g) The offender previously served a prison term.
 {¶ 15} (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 16} (i) The offender committed the offense while in the possession of a firearm.
 {¶ 17} (2) (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 18} (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code, the court shall impose a community control sanction upon the offender.
{¶ 19} R.C. 2929.13 does not create any explicit presumption in favor of either community control sanctions or imprisonment for fourth and fifth degree felony offenders.
{¶ 20} R.C. 2929.19(B)(2)(a) demands that the trial court "shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:"
 {¶ 21} * * * if it imposes a prison term for a felony of the fourth or fifth degree * * * its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
{¶ 22} The trial court must state its reasons for imposing a prison term for a fourth or fifth degree felony. Those reasons must be based on (1) the overriding purposes and principles of felony sentencing under R.C. 2929.11 and (2) any factors in 2929.13(B)(1)(a) to (h) that the court finds applicable. The requirement that the trial court state reasons demands that the court's finding must be something more than a "note that [the court] engaged in the analysis." State v. Edmonson,86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131. While it may be the better practice "for the trial court to state its reasons for imposing a prison term in the judgment entry," State v. Jordan, (Nov. 12, 1998) Cuyahoga App. No. 73493, Ohio App. Lexis 5411, there is no requirement that the court's reasons must be in writing.
{¶ 23} In the case at hand, the record does not indicate that the lower court found any of the factors listed in R.C. 2929.13(B)(1) (a)-(h) before it sentenced the defendant. Notwithstanding the factors listed in R.C. 2929.13(B)(1)(a)-(h), a sentence of imprisonment can still be imposed on a fifth degree felony offender if the court finds such a sentence meets the overriding purposes and principles of felony sentencing under R.C. 2929.11 and states its reasons on the record.
{¶ 24} At the appellant's sentencing hearing, the lower court stated its reasons for sentencing the defendant to prison. The lower court noted that the defendant has a prior record consisting of convictions for drug trafficking, for which he served 12 months in prison, and for receiving stolen property, as well as the fact that a capias was issued against the defendant on three separate occasions in the case at hand. Further, the lower court stated that it did not believe the appellant would be amenable to community control sanctions, and there was a substantial likelihood that he would commit future crimes.
{¶ 25} Our review of trial court sentencing decisions is limited. This court may vacate a sentence and remand for resentencing only "if the court clearly and convincingly finds" one of the factors listed in R.C. 2953.08(B)(1). As relevant to this appeal, those factors include:
 {¶ 26} (a) That the record does not support the sentence;
 {¶ 27} (b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree * * *, that the court did not specify in the findings it makes at the sentencing that it found one or more of the factors specified in division (B)(1)(a) to (h) of section 2929.13
of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense. * * *
{¶ 28} In this case, the trial court imposed a prison term on an offender convicted of a fifth degree felony. The court did not specify that it found any of the factors listed in R.C. 2929.13 (B)(1)(a) to (h) to apply, either in its journal entry or at the sentencing hearing. The court did follow the procedures set forth in R.C. 2929.13(B) and its basis for imposing a prison term the substantial likelihood that the appellant would commit future crimes and likelihood that the appellant would not be amenable to community control sanctions. As such, in accordance with this court's previous decision in State v. Jordan (Nov. 12, 1998), Cuyahoga App. No. 73493, Ohio App. Lexis 5411, the appellant's sole assignment of error is not well taken.
{¶ 29} Last, in reviewing the sentencing hearing transcript from the lower court, we find that the appellant was not notified of the possibility of post-release control, as reflected in the lower court's sentencing journal entry. The Ohio Supreme Court recently held that pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Woods v. Telb,89 Ohio St.3d 504, 513, 2000-Ohio-171. The trial court is obligated to notify a defendant of post-release control and the possibility of sanctions, including prison, available for violation of such controls. See. State v. Newman (Jan. 31, 2002), Cuyahoga App. No. 80034, 2002-Ohio-328. The reference to any extensions provided by law in the sentencing journal is insufficient to qualify as notification to an offender of post-release control as required by Woods. See Ohio v. Dunaway (Sept. 13, 2001), Cuyahoga App. No. 78007, Ohio App. Lexis 4056.
{¶ 30} In light of the above, the adult parole authority is without authority to impose any type of post-release control on the defendant at the conclusion of his term of incarceration.
{¶ 31} The lower court is hereby ordered to correct the appellant's sentencing journal entry to reflect that post-release control is not a part of the appellant's sentence, and the appellant is free from any type of encumbrances associated with the instant matter.
Judgment affirmed in part and remanded.
Case remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND DIANE KARPINSKI, J., CONCUR.
[1] This court notes that although the appellant has served his prison sentence, an appeal challenging the sentence of an underlying felony conviction is not moot. Ohio v. Williams,(Mar. 30, 2000), Cuyahoga App. No. 76090. Ohio v. Golston, 71 Ohio St.3d 224, 1994-Ohio-109,643 N.E.2d 109, at syllabus.